IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL WADE NANCE, | * | CIVIL ACTION NO. |
| | * | 1:20-CV-00107-JPB |
| PLAINTIFF, | * | |
| v. | * | |
| | * | |
| TIMOTHY C. WARD, | * | |
| Commissioner, | * | |
| Georgia Dep't of Corrections, and | * | |
| | * | |
| | * | |
| BENJAMIN FORD, Warden, | * | |
| Georgia Diagnostic and | * | |
| Classification Prison, | * | |
| | * | |
| DEFENDANTS. | * | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED SCHEDULE AND DISCOVERY (DOCS. 6 & 9)

| | |
|---|---|
| CHRISTOPHER M.  CARR | 112505 |
| Attorney General | |
| | |
| BETH A. BURTON | 027500 |
| Deputy Attorney General | |
| | |
| SABRINA GRAHAM | 305755 |
| Senior Assistant Attorney General | |
| | |
| CLINT C. MALCOLM | 745116 |
| Assistant Attorney General | |

Comes now, Defendants Benjamin Ford and Timothy C. Ward, by and

through counsel, Christopher M. Carr, Attorney General for the State of

Georgia, and files their Response in Opposition to Plaintiff's Motion for

Expedited Schedule and Discovery, showing the Court as follows:

1.

Nance has filed this complaint under 42 U.S.C. § 1983 asking this

Court not to execute him under the current execution policies and procedures

in Georgia, arguing that his execution would violate his Eighth and

Fourteenth Amendment rights. Nance argues that his veins are compromised

and unsuitable for execution by lethal injection, so he requests to be executed

by a firing squad. After filing this complaint, Nance filed a motion for

expedited schedule and discovery and a supplement to that motion arguing

that his execution is imminent so the deadlines need to be cut in half. (Doc. 6

& 9). Defendants oppose Nance's motion for two main reasons: (1) Nance's

execution is not imminent and an expedited schedule is not warranted; and

(2) Defendants will file a pre-answer motion to dismiss by the required

deadline of January 30, 2020, and if that motion is granted, there will be no

discovery and, thus, no discovery deadlines.

2.

Nance was found guilty of malice murder, among other crimes,

following his September 1997 Gwinnett County jury trial and received a

death sentence for the malice murder of Gabor Balogh. *Nance v. State*, 272 Ga. 217 n.1 (2000). The Georgia Supreme Court reversed Nance's death sentence on the basis that the trial court failed to excuse a juror because her views in favor of capital punishment would have substantially impaired the performance of her duties as a juror. *Id.* at 222 (6). Nance received a second sentencing trial in Gwinnett County in 2002, after which a death sentence was returned again. *Nance v. State*, 280 Ga. 125 n.1 (2005). The Georgia Supreme Court subsequently affirmed that death sentence. *Id.*

Nance filed a state habeas corpus petition and following an evidentiary hearing in 2008, the state habeas court denied relief with respect to Nance's convictions but vacated the death sentence. *Humphrey v. Nance*, 293 Ga. 189 (2013). However, the Georgia Supreme Court reversed the portion of the state habeas court's decision vacating the death sentence and reinstated Nance's death sentence. *Id.* at 190.

Nance then pursued federal habeas corpus relief under 28 U.S.C. § 2254, but the district court denied relief, which was affirmed. *Nance v. Warden, Ga. Diagnostic Prison*, 922 F.3d 1298 (11th Cir. 2019). Nance has filed a petition for a writ of certiorari in the United States Supreme Court, and Defendant Ford's response to that petition is due on February 12, 2020. *See Nance v. Ford, Warden*, No. 19-6918 (U.S. docketed Dec. 12, 2019).

3

3.

First, Plaintiff asks for an expedited schedule for Defendants to file

their responsive pleadings. However, Defendants' response to Nance's §

1983 complaint is due on January 30, 2020, which is 21 days after

Defendant Ford was served with a copy of the complaint. Defendants will

file a pre-answer motion to dismiss no later than January 30, 2020.

In his motion for an expedited schedule and discovery, Nance

essentially asks this Court to cut in half its normal deadlines, e.g., Nance

asks that Defendants be given 11 days instead of 21 days to file their pre-

answer motion to dismiss. (Doc. 6, p. 2). Such an expedited schedule is

simply not required in this case, as Nance's execution has not been

scheduled and is not imminent. No execution warrant has been issued in

Nance's case, as his petition for a writ of certiorari in the Supreme Court is

still pending and Defendant Ford's response to that petition is not due until

February 12, 2020. *See Nance v. Ford, Warden*, No. 19-6918 (U.S. docketed

Dec. 12, 2019).

4.

Additionally, Plaintiff asks for an expedited discovery schedule, e.g.,

Plaintiff asks that the parties must provide initial disclosures within 15

days instead of 30 days after Defendants file their pre-answer motion to

dismiss and that discovery should commence immediately after Defendants'

file any responsive pleading. However, if Defendants' pre-answer motion to

dismiss is granted, there would be no discovery and, thus, no discovery

deadlines with which to comply. This would obviate the need for any

expedited discovery schedule as requested by Plaintiff.

5.

Because Nance has failed to show good cause for this Court to deviate

from the Federal Rules of Civil Procedure and from its own local rules, his

motion for expedited schedule and discovery should be denied.

## CONCLUSION

Wherefore, Defendants pray that this Court deny Nance's motion for

expedited schedule and discovery (Doc. 6 & 9).

Respectfully submitted,

CHRISTOPHER M. CARR                    112505
Attorney General

BETH A. BURTON                              027500
Deputy Attorney General

SABRINA D. GRAHAM                     305755
Senior Assistant Attorney General

s/Clint C. Malcolm
CLINT C. MALCOLM                          745116
Assistant Attorney General

Please serve:

CLINT C. MALCOLM
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
(404) 463-8784
cmalcolm@law.ga.gov

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed this pleading

with the Clerk of Court using the CM/ECF system which will automatically

send e-mail notification of such filing to the following attorneys of record:

> Alixandria Lynn Davis
> John P. Hutchins
> Baker & Hostetler, LLP
> Suite 2400
> 1170 Peachtree St. N.E.
> Atlanta, GA 30309
>
> Vanessa Carroll
> Cory Isaacson
> Anna Arceneaux
> Georgia Resource Center
> 303 Elizabeth Street, N.E.
> Atlanta, GA 30307

This 14th day of January, 2020.

> s/Clint C. Malcolm
> Clint C. Malcolm
> Assistant Attorney General