# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MICHAEL WADE NANCE,       )
                                     )
        Plaintiff,         )
                                     )
v.                                     )
                                     )
TYRONE OLIVER, Commissioner,  )
Georgia Department of Corrections,  )
                                     )
SHAWN EMMONS, Warden,     )
Georgia Diagnostic and Classification )
Prison,                          )
        Defendants.     )
                                     )

CIVIL ACTION NO.:
1:20-cv-00107-JPB

**PRETRIAL CONFERENCE
REQUESTED**

---

## CONSOLIDATED PRETRIAL ORDER

1.

There are no motions or other matters pending for consideration by the court except as noted:

**Plaintiff's Response:** Plaintiff has filed contemporaneously herewith a Motion to Exclude Certain Opinions of Joseph F. Antognini. The Parties' joint discovery statements regarding Defendants' refusal to produce documents that Defendants concede are both relevant and responsive to Plaintiff's discovery requests because the documents were provisionally sealed from the public docket in

the case *Martin v. Ward, et al.*, Case No. 1:18-cv-04617 (hereafter, the "*Martin* Litigation") remains pending. *See* <u>Doc. 89</u> & 90. Plaintiff also filed a Motion to Intervene and Request to Unseal in the *Martin* Litigation which also remains pending before that Court. *See* <u>Doc. 89 at</u> Ex. A. Plaintiff anticipates filing a discovery statement pursuant to this Court's standing order regarding certain remaining discovery issues if the parties are unable to reach a consensus on those issues.

**<u>Defendants' Response:</u>** Defendants have no pending matters before the Court.

**<u>Joint Response:</u>** The Parties may file motion(s) in limine or other appropriate motion(s) and reserve the right to do so in advance of trial.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**<u>Joint Response:</u>**

The Parties agree that the discovery period has ended. Plaintiff, however, has identified certain remaining discovery issues and anticipates filing a discovery statement pursuant to this Court's standing order if the parties are unable to reach a consensus on those issues.

2

If the Parties agree that additional depositions are needed to preserve evidence, they will work together to coordinate these depositions prior to trial. If a party determines an additional deposition is needed to preserve evidence and the opposing party does not agree to conduct such deposition, the party seeking to preserve testimony for trial will seek leave of Court to conduct the deposition and the opposing party will have an opportunity to formally set forth their objection. The Parties reserve the right to seek permission to conduct any necessary post-verdict discovery.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**Joint Response:** The Parties agree that the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**Joint Response:** There is no question as to jurisdiction, which is based on 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 2201, and 2202, and 23 U.S.C. § 1343.

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

**Co-Lead Counsel for Plaintiff:**

John P. Hutchins
Baker & Hostetler LLP
1170 Peachtree Street, NE
Suite 2400
Atlanta, GA
Telephone: 404 (946) 9812
Facsimile: (404) 459-5734
jhutchins@bakerlaw.com

Anna Arceneaux
Georgia Resource Center
104 Marietta Street, NW
Suite 260
Atlanta, GA 30303
Telephone: (404) 222-9202
Facsimile: (404) 301-3315
anna.arceneaux@garesource.org

**Co-Lead Counsel for Defendants:**

Sabrina Graham
Senior Assistant Attorney General
40 Capitol Square
Atlanta, GA 30328
Telephone: (404) 458-3239
sgraham@law.ga.gov

4

Beth Burton
Deputy Attorney General
40 Capitol Square
Atlanta, GA 30328
Telephone: (404) 457-3570
bburton@law.ga.gov

There are no other parties to this action.

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Joint Response:** The Parties agree that Plaintiff is entitled to open and close the arguments in this case pursuant to LR 39.3(B)(2)(b).

7.

The captioned case shall be tried (_____) to a jury or (__x___) to the court without a jury, or (__) the right to trial by jury is disputed.

**Joint Response:** The Parties request that the captioned case be tried to the court without a jury.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e., that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Joint Response:** The Parties do not request that the trial be bifurcated.

9.

Attached hereto as "Attachment A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

**Joint Response:** Pursuant to their Response to Number 7 above, the Parties

request that the captioned case be tried to the court without a jury and therefore

Attachment A is inapplicable and is intentionally left blank.

10.

Attached hereto as "Attachment B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as "Attachment B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

**Joint Response:** Pursuant to their Response to Number 7 above, the Parties

request that the captioned case be tried to the court without a jury and therefore

Attachment B is inapplicable and is intentionally left blank. There are no remaining parties.

11.

State any objections to plaintiff's voir dire questions.

State any objections to defendants' voir dire questions.

State any objections to the voir dire questions of the other parties, if any.

**Joint Response:** Pursuant to their Response to Number 7 above, the Parties request that the captioned case be tried to the court without a jury and therefore this paragraph is not applicable. There are no remaining parties.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.

**Joint Response:** Pursuant to their Response to Number 7 above, the Parties request that the captioned case be tried to the court without a jury and therefore this paragraph is not applicable. There are no remaining parties.

13.

State whether there is any pending related litigation. Describe briefly, including style and action number.

**<u>Joint Response:</u>** There is no pending related litigation.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**<u>Response</u>**: *See* Attachment C. Plaintiff and Defendants reserve the right to

supplement and/or amend Attachment C until twenty-one (21) days before trial.

15.

Attached hereto as Attachment "D" is the defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision

authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

**Response:** *See* Attachment D.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

**Joint Response:** *See* Attachment E.

17.

The legal issues to be tried are as follows:

**Joint Response:** Whether Defendants' application of the Georgia Department of Corrections' Lethal Injection Procedures (the "Protocol") would be unconstitutional as-applied to Plaintiff.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendants, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably

anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**Response:** *See* Attachments F-1 and F-2.


19.


Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3," etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which

an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**Response:** *See* Attachments G-1 and G-2.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Joint Response:** At this time, the Parties do not intend to introduce any testimony by deposition and each Party objects to the introduction of testimony by deposition by the opposing Party. The Parties reserve the right to introduce testimony by deposition of any witnesses identified in Attachments  F-1 and F-2 if it becomes necessary.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**Joint Response:** Pursuant to their Response to Number 7 above, the Parties

request that the captioned case be tried to the court without a jury and therefore this

paragraph is not applicable.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**Joint Response:** Pursuant to their Response to Number 7 above, the Parties

request that the captioned case be tried to the court without a jury and therefore this

paragraph is not applicable.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Joint Response:** Pursuant to their Response to Number 7 above, the Parties

request that the captioned case be tried to the court without a jury and therefore this

paragraph is not applicable.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

**Joint Response:** The Parties will submit their respective proposed findings of

fact and conclusions of law no later than seven days (7) prior to the final trial date.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on DATE, to discuss in good faith the possibility of settlement of this case.  The court (_____) has or (_____) has not discussed settlement of this case with counsel.  It appears at this time that there is:
  (_____) A good possibility of settlement.
  (_____) Some possibility of settlement.
  (_____) Little possibility of settlement.
  (_____) No possibility of settlement.

**Joint Response:** Lead counsel for the Parties have discussed in good faith the

possibility of settlement of this case, and it appears that there is little possibility of

settlement. Lead counsel for the Parties will meet in person prior to the pre-trial conference to further discuss settlement. The Court has not discussed settlement of this case with counsel.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**Joint Response:** The Parties request a special setting.

28.

The plaintiff estimates that it will require three (3) days to present his evidence. The defendant estimates that it will require three (3) days to present their evidence. There are no other parties who will present evidence. It is estimated that the total trial time is six (6) days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_ X__) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

14

IT IS SO ORDERED this _5th_ day of ___December___, 20_23_.

_____
THE HONORABLE J. P. BOULEE
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

This 6th day of November 2023.

*/s/ Jacqueline T. Menk*
**John P. Hutchins**
Georgia Bar No. 380692
jhutchins@bakerlaw.com
**Ryan M. Christian**
Georgia Bar No. 227657
rchristian@bakerlaw.com
**Jacqueline T. Menk**
Georgia Bar No. 728365
jmenk@bakerlaw.com
**Kristen Rasmussen**
Georgia Bar No. 135018
krasmussen@bakerlaw.com
**BAKER & HOSTETLER LLP**
1170 Peachtree Street NE, Suite 2400
Atlanta, GA 30309
Telephone: (404) 459-0050
Facsimile: (404) 459-5734


*/s/ Anna Arceneaux*
**Anna Arceneaux**
Georgia Bar No. 401554
Anna.arcenaux@garesource.org
**GEORGIA RESOURCE CENTER**
104 Marietta St. NW, Suite 260
Atlanta, GA 30303
Telephone: (404) 222-9202

*/s/ Cory Isaacson*
**Cory Isaacson**
Georgia Bar No. 983797

*/s/ Sabrina Graham*
**Sabrina Graham**
Senior Assistant Attorney General
sgraham@law.ga.gov
**Beth Burton**
Deputy Attorney General
bburton@law.ga.gov
GEORGIA DEPARTMENT
      OF LAW
OFFICE OF THE
      ATTORNEY GENERAL
40 Capitol Square
Atlanta, GA 30328
Telephone: (404) 458-3239

*Attorneys for Defendants Tyrone Oliver and Shawn Emmons*

16

cisaacson@acluga.org
**Andrés López-Delgado**
Georgia Bar No. 552876
adelgado@acluga.org
**ACLU FOUNDATION OF GEORGIA**
P.O. Box 570738
Atlanta, GA 30357
Telephone (770) 415-5490

*Attorneys for Plaintiff Michael Wade Nance*

## **ATTACHMENT A**

***Requested Questions for the Court to Propound to the Jurors Concerning Their Legal Qualifications to Serve***

Pursuant to their Response to Number 7 above, the Parties request that the captioned case be tried to the court without a jury and therefore this attachment is inapplicable and is intentionally left blank.

## **ATTACHMENT B**

### *General Questions to be Propounded to the Jurors on Voir Dire Examination*

Pursuant to their Response to Number 7 above, the Parties request that the captioned case be tried to the court without a jury and therefore this attachment is inapplicable and is intentionally left blank.

## ATTACHMENT C

### *Plaintiff's Outline of the Case*

This is an action under 42 U.S.C. § 1983 for deprivation of Plaintiff's civil rights under color of state law. Plaintiff is a death-sentenced prisoner whom Defendants Tyrone Oliver and Shawn Emmons, in their official capacities as Commissioner of the Georgia Department of Corrections and Warden of the Diagnostic and Classification Prison, respectively, intend to execute via lethal injection pursuant to the Georgia Department of Corrections' Lethal Injection Procedures (the "Protocol"). Plaintiff contends that Defendants' Protocol creates a substantial and unacceptable risk that he will suffer an excruciating death in violation of his rights under the Eighth and Fourteenth Amendments, due to his severely compromised veins and/or his increased and prolonged use of gabapentin.

Because of Plaintiff's medical conditions, the Protocol presents substantial risk of serious harm to Plaintiff, in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff has presented a feasible, readily available alternative method of execution, namely firing squad.

**Authority:**

**Constitutional Provisions**:

• Eighth Amendment to the Constitution of the United States of America

• Fourteenth Amendment to the Constitution of the United States of America

**Federal Statutes**:

• 42 U.S.C. § 1983

• 21 U.S.C. § 351

**State Statutes and Administrative Authority**:

• O.C.G.A. § 17-10-30 *et seq*.

• O.C.G.A. § 26-4-80 *et seq*.

• Georgia Department of Corrections Lethal Injection Procedures

• Food and Drug Administration, Current Good Manufacturing Practice-Guidance for Human Drug Compounding Outsourcing Facilities Under Section 503B of the FD&C Act (Jan. 2020)

• Food and Drug Administration, Interim Policy on Compounding Using Bulk Drugs Substances Under Section 503A of the Federal Food, Drug, and Cosmetic Act (Jan. 2017)

• USP Compounding Standards

• American Medical Association Code of Medical Ethics

• American Society of Anesthesiologists Standards, Guidelines, and Statements

• Ga. Comp. R. & Regs. 480-11.01 *et seq*.

      • Technical Manual of Utah Department of Corrections

**Illustrative Case Law**: Mr. Nance will rely upon the below and similar cases to establish the requirements of Mr. Nance's claims and arguments.

      • *Baze v. Rees*, 553 U.S. 35 (2008)

      • *Glossip v. Gross*, 576 U. S. 863 (2015)

      • *Bucklew v. Precythe*, 139 S.Ct. 1112 (2019)

      • *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F. 3d 1275 (11th Cir. 2015)

## **ATTACHMENT D**

### *Defendants' Outline of the Case*

Plaintiff alleges that Georgia's lethal injection protocol, as applied to him, will violate his Eighth and Fourteenth Amendment rights when he is executed with 5 grams of pentobarbital by intravenous injection. Nance's as-applied challenges are based on two medical conditions: (1) that his veins are compromised and unsuitable for intravenous access, which increases the risk that intravenously administered pentobarbital will leak into his veins, or that if his veins are not suitable at the time of execution, he will undergo a central venous cannulation procedure—a contingency accounted for in Georgia's lethal injection protocol; and (2) that he has been taking the drug, gabapentin, since April 2016, which will render interfere with the efficacy of the administered pentobarbital. As an alternative method of execution, Nance proposes the firing squad. Nance asks this Court to enter a declaratory judgement that Defendants' current execution protocol violates his Eighth and Fourteenth Amendment rights and to grant injunctive relief to enjoin the Defendants from proceeding with Nance's execution by lethal injection.

Defendants assert that Plaintiff's as-applied challenges to Georgia's chosen method of execution are time-barred and Nance cannot prove that the lethal injection protocol in question creates a substantial risk of serious harm; and a firing squad is

not a known and available alternative method of execution that is feasible, readily

implemented, and that will in fact significantly reduce the substantial risk of severe

pain.

Defendants do not have any counterclaims.

**Authority:**

**United States Supreme Court**:

- *Baze v. Rees*, 553 US 35, 128 S. Ct. 1520 (2008);
- *Glossip v. Gross*, 576 U.S. 863, 135 S. Ct. 2726 (2015);
- *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019);
- *Barr v. Lee*, 140 S. Ct. 2590 (2020).

**Eleventh Circuit Court of Appeals**:

- *Mann v. Palmer*, 713 F.3d 1306 (11th Cir. 2013);
- *Henyard v. Sec'y, DOC*, 543 F.3d 644 (11th Cir. 2008);
- *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260 (11th Cir. 2014);
- *Gissendaner v. Ga. Dep't of Corr. I*, 779 F.3d 1275 (11th Cir. 2015);
- *Gissendaner v. Comm'r, Ga. Dep't of Corr. II*, 803 F.3d 565 (11th Cir. 2015);
- *Terrell v. Bryson*, 807 F.3d 1276 (11th Cir. 2015);
- *Jones v. Comm'r, Ga. Dep't of Corr.*, 811 F.3d 1288 (11th Cir. 2016);
- *Arthur v. Comm'r, Ala. Dep't of Corr.*, 840 F.3d 1268 (11th Cir. 2016);
- *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853 (11th Cir. 2017);
- *Ledford v. Comm'r, Ga. Dep't of Corr.*, 856 F.3d 1312 (11th Cir. 2017);
- *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322 (11th Cir. 2020);
- *Nance v. Comm'r, Ga. Dep't of Corr.*, 59 F.4th 1149 (11th Cir. 2023).

**Georgia Supreme Court**:

- *Owens v. Hill*, 295 Ga. 302, 758 S.E.2d 794 (2014).

**Federal Statutes**:

- 42 U.S.C. § 1983.

**Georgia Statutes**:

- OCGA § 17-10-38;
- OCGA § 42-5-36.

# ATTACHMENT E

## *Stipulated Facts*

1. Plaintiff is a death-sentenced prisoner who is to be executed by lethal injection pursuant to O.C.G.A. § 17-10-38.

2. Plaintiff is incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia (the "GDCP" or "Prison").

3. The Lethal Injection Procedures as adopted on July 17, 2012 (the "Protocol") is used by the Georgia Department of Corrections and the Prison when conducting an execution.

4. Compounded pentobarbital obtained from a confidential compounding pharmacy is used to carry out lethal injections in Georgia.

5. The origin of the active ingredient used by the compounding pharmacy to manufacture the pentobarbital used to carry out lethal injections in Georgia is confidential.

6. The compounded pentobarbital used in lethal injections in Georgia is not subject to U.S. Food and Drug Administration processes or standards.

7. The compounded drugs used in lethal injections in Georgia are not tested for quality, purity, or stability.

8. In at least one instance, pentobarbital that the State of Georgia planned to use in an execution appeared cloudy prior to the scheduled execution.

9. At least fifteen (15) individuals executed by the State of Georgia with compounded pentobarbital had fluid in their lungs at the time of death, and at least some of those individuals had pulmonary edema.

10. Pursuant to the Protocol, if intravenous access cannot be established on a condemned inmate, a central venous cannulation or other medically approved alternative may be used as an alternative method of injection.

## ATTACHMENT F-1

### *Plaintiff's Witness List*

**Dr. David Waisel**
c/o Plaintiff's Counsel

**Michael Wade Nance**
c/o Plaintiff's Counsel

**Physician to Examine Plaintiff Prior to Execution**
c/o Defendants' Counsel

**Physician(s) Present at Execution**
c/o Defendants' Counsel

**Benjamin Ford**
c/o Defendants' Counsel

**Eric L. Sellers**
c/o Defendants' Counsel

**Tyrone Oliver**
c/o Defendants' Counsel

**Bryan Scott Wilson**
c/o Defendants' Counsel

**Antoine Caldwell**
c/o Defendants' Counsel

**Anonymous IV Nurse(s) Present at Execution**
c/o Defendants' Counsel

**Anonymous Injection Team Member(s) Present at Execution**
c/o Defendants' Counsel

Plaintiff reserves the right to call any witnesses identified by Defendants on their witness list or any additional witnesses needed for impeachment or rebuttal. The Parties have exchanged expert reports.

## ATTACHMENT F-2

### *Defendants' Witness List*

Dr. Janet Munroe
Associate Professor Radiology
Augusta University, Department of Radiology & Imaging
112015th Street
Augusta, Georgia 30912

Dr. Scott Forseen
Augusta University Medical Center
1120 15th Street
Augusta, Georgia 30912

Jamilee Brown
WellPath
2077 Convention Center Concourse
Suite 150
Atlanta, GA 30337

Jaqueline M. Martin
Georgia Bureau of Investigation
3121 Panthersville Road
Decatur, GA 30034

Roger Seline
Augusta University Medical Center
1120 15th Street
Augusta, Georgia 30912

Dr. Joseph Antognini
Elite Medical Experts
6440 N. Swan Road, Suite 100
Tucson, AZ 85718

Defendants reserves the right to call any witnesses identified by Plaintiff on his witness list or any additional witnesses needed for impeachment or rebuttal. The Parties have exchanged expert reports.

## ATTACHMENTS G-1 AND G-2

### *Plaintiff's and Defendants' Proposed Trial Exhibits*

The Parties have agreed to exchange and submit their proposed trial exhibits prior to the pre-trial conference in this matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL WADE NANCE,                      )
                                         )
              Plaintiff,                  )
                                         )
v.                                       )
                                         )
TYRONE OLIVER, Commissioner,             )          CIVIL ACTION NO.:
Georgia Department of Corrections,       )          1:20-cv-00107-JPB
                                         )
ANTOINE CALDWELL, Warden,                )
Georgia Diagnostic and Classification    )
Prison,                                  )
              Defendants.                 )
_____  )

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I electronically filed the foregoing

**CONSOLIDATED PRETRIAL ORDER** with the Clerk of the Court by using

the CM/ECF system, which will automatically serve all counsel of record in this

matter.

                                   */s/ Jacqueline T. Menk*
                                   Jacqueline T. Menk