UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL WADE NANCE,<br><br>Plaintiff,<br><br>v.<br><br>TYRONE OLIVER, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>1:20-CV-00107-JPB |

## ORDER

This matter is before the Court on Michael Wade Nance's ("Plaintiff") Motion to Alter or Amend Judgment [Doc. 159]. This Court finds as follows:

**RELEVANT PROCEDURAL HISTORY**

In 1997, a jury convicted Plaintiff of malice murder and five other crimes and sentenced him to death. Plaintiff filed this action on January 8, 2020, alleging that Georgia's execution protocol—lethal injection—is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. First, Plaintiff argued that the execution protocol creates a substantial risk of pain because his veins are heavily scarred. According to Plaintiff, the condition of his veins could make IV access difficult or could cause complications during the injection itself. Second, Plaintiff asserted that his

Gabapentin use—a drug that Plaintiff takes for back pain—could interfere with the lethal injection drug and cause significant pain.  Because of this possibility of severe pain, Plaintiff proposed a firing squad as an alternative to lethal injection.

After a multi-day bench trial, the Court denied Plaintiff's request for relief because Plaintiff failed to meet his burden to show that the lethal injection protocol creates a substantial risk of severe pain.  [Doc. 157, p. 23].  Specifically, the Court determined that neither the condition of Plaintiff's veins nor his Gabapentin use was substantially likely to cause severe pain during the execution.  Id.  Because Plaintiff failed to satisfy this burden, the Court did not address whether a firing squad would significantly reduce the substantial risk of severe pain.  Id.

On March 14, 2025, Plaintiff filed the instant Motion to Alter or Amend Judgment.  [Doc. 159].  The motion is now ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a judgment.  Fed. R. Civ. Pro. 59(e).  A motion to alter or amend a judgment cannot be used to relitigate old matters or to present arguments that could have been raised prior to the entry of judgment.  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).  Instead, the only grounds for granting a Rule 59 motion are "newly-discovered evidence or manifest errors of law or fact."  Id.

## ANALYSIS

The Eighth Amendment, which prohibits the infliction of cruel and unusual punishment, governs method-of-execution claims like the one brought here. The United States Supreme Court set forth the standard for analyzing these claims in two separate opinions: Baze v. Rees, 553 U.S. 35 (2008), and Glossip v. Gross, 576 U.S. 863 (2015). This test is thus sometimes referred to as the Baze-Glossip test. Under the Baze-Glossip test, a prisoner must make two showings to prevail. First, a prisoner must establish that the state's current execution method presents a risk that is "'sure or very likely to cause serious illness and needless suffering,' and give rise to 'sufficiently imminent dangers.'" Glossip, 576 U.S. at 877 (emphasis omitted). This requirement mandates that a prisoner show a "substantial risk of serious harm" and an "objectively intolerable risk of harm." Id. In other words, a prisoner cannot prevail unless he proves that the execution protocol "creates a demonstrated risk of severe pain." Id. at 878. Second, a prisoner must show that the risk of pain is substantial when compared to a known and available alternative. Id. More specifically, this second prong requires prisoners to identify an alternative that is "feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." Id. at 877. Consistent with Supreme Court

precedent, the Eleventh Circuit Court of Appeals succinctly stated that to prevail on an Eighth Amendment challenge, a prisoner must establish two things:

> (1) that the method of execution in question creates "a substantial risk of serious harm, an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment," and (2) that there is "an alternative that is feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain."

Barber v. Governor of Ala., 73 F.4th 1306, 1318 (11th Cir. 2023); see also Nance v. Comm'r, Ga. Dep't of Corr., 59 F.4th 1149, 1154–55 (11th Cir. 2023) (holding that a prisoner must show that "(1) the lethal injection protocol in question creates a substantial risk of serious harm, and (2) there are known and available alternatives that are feasible, readily implemented, and that will in fact significantly reduce the substantial risk of severe pain").

In denying Plaintiff's method-of-execution claims, the Court only analyzed the first prong of the Baze-Glossip test.  In the instant motion, Plaintiff contends that this Court committed clear and obvious error by not addressing the second prong (*i.e.*, whether a firing squad would significantly reduce the substantial risk of severe pain).  According to Plaintiff, courts are not permitted to evaluate an execution method's risk of pain in a vacuum.  Instead, Plaintiff contends that courts must engage in a "comparative exercise" and determine whether "the risk of pain associated with the State's method [of execution] is 'substantial when

4

compared to a known and available alternative.'" [Doc. 159, p. 2] (emphasis omitted).  In short, Plaintiff asserts that a trial court cannot complete its analysis without comparing the execution method with a viable alternative.  [Doc. 161, p. 3].

As stated immediately above, Plaintiff argues that this Court erred by not applying the second prong of the Baze-Glossip test.  The Court disagrees because the test articulated by both the Supreme Court and the Eleventh Circuit is plainly conjunctive.  As a general rule, when weighing a conjunctive test, a district court has the "usual authority to control the order of proof, and if there is a failure of proof on the first element that it chooses to consider, it [is not] an abuse of discretion to give judgment for [the defendant] without taking further evidence." Helling v. McKinney, 509 U.S. 25, 35 (1993).[1]

To support his argument that the Court erred, Plaintiff relies on Bucklew v. Precythe, a case decided by the Supreme Court in 2019.  587 U.S. 119 (2019).  In

---

[1] Indeed, this Court is aware of only one instance where the Supreme Court required courts to consider a conjunctive multi-prong test in a certain order.  In Saucier v. Katz, 533 U.S. 194 (2001), abrogated in part by Pearson v. Callahan, 555 U.S. 223, 232 (2009), the Court adopted a mandatory procedure for courts to follow in determining whether an official defendant in a 42 U.S.C. § 1983 civil rights suit is entitled to qualified immunity.  As indicated in the citation, the Supreme Court later reversed course in Pearson.  Notably, the Supreme Court has never required courts to perform the Baze-Glossip test in any particular order or held that both prongs must be analyzed.

5

that case, the plaintiff—a condemned prisoner—challenged Missouri's lethal injection protocol by arguing that lethal injection would cause him to suffer severe pain because of his particular medical condition.  Id. at 125.  The trial court entered summary judgment against the plaintiff.  Specifically, as to the first prong of the Baze-Glossip test, the trial court determined that a genuine issue of material fact existed as to whether there was a "substantial risk" that the plaintiff would experience significant pain if he were executed by lethal injection.  Id. at 128.  Despite this triable issue, the trial court ultimately found that the claim failed the second prong because the plaintiff produced no evidence that his proposed alternative execution method—lethal gas—would significantly reduce the risk of severe pain.  Id.

On appeal, the plaintiff argued that where the execution method is manifestly cruel, the second prong of the Baze-Glossip test should not apply.  In the plaintiff's view, executions that pose a risk of grave suffering due to a medical condition are manifestly cruel,[2] and therefore he does not need to show an alternative and less painful execution method to prevail on his claim.  Id. at 135.

---

[2] The plaintiff also referenced "burning at the stake," "crucifixion" and "breaking on the wheel" as other examples of manifestly cruel punishments.  Bucklew, 587 U.S. at 135.

The Court disagreed and held that "identifying an available alternative is 'a requirement of *all* Eighth Amendment method-of-execution claims' alleging cruel pain." Id. at 136. The Court explained that plaintiffs are required to identify an alternative execution method because deciding whether the state has "cruelly 'superadded' pain to the punishment of death isn't something that can be accomplished by examining the [state's] proposed method in a vacuum, but only by 'compar[ing]' that method with a viable alternative." Id. In short, the Court was not willing to overturn precedent and "(re)confirmed that anyone bringing a [method-of-execution claim] alleging the infliction of unconstitutionally cruel pain must meet the Baze-Glossip test." Id. at 140. Importantly, neither the parties nor the Court questioned the continued applicability of the first prong, and the Baze-Glossip test was not changed in any way. Indeed, no court has ever held that a plaintiff is not required to satisfy the first prong.

In arguing that this Court erred by not addressing the second prong, Plaintiff misreads Bucklew. As explained above, the entirety of the Supreme Court's focus in Bucklew was whether the Eighth Amendment requires plaintiffs to show an alternative method of execution where those plaintiffs would suffer manifestly cruel pain during the execution. Because the analysis was entirely constrained to the second prong, Bucklew stands for the unremarkable proposition that there are

7

two prongs of the test—not just one.³ In other words, Bucklew holds that showing a substantial risk of pain—no matter how horrific—is not enough, by itself, to succeed on a method-of-execution claim. Instead, plaintiffs must also identify an alternative execution method that substantially reduces that risk. In short, Bucklew does not require courts to perform a comparative analysis in cases where a plaintiff fails to demonstrate a risk of severe pain.

The Court's above conclusion that Bucklew does not require analysis of both prongs is bolstered by at least two decisions of the Eleventh Circuit and cases from other jurisdictions that were issued after Bucklew.⁴ Indeed, in Smith v. Commissioner, Alabama Department of Corrections, the Eleventh Circuit did not address the prisoner's alternative execution methods because the prisoner failed to establish the first prong. No. 24-10095, 2024 WL 266027, at *8 n.7 (11th Cir. Jan. 24, 2024) ("We do not address [the plaintiff's] alternative methods."). Similarly, in Barber, the Eleventh Circuit did not analyze whether the alternative method of execution—nitrogen hypoxia—would significantly reduce a substantial risk of pain

---

³ The Court notes that Bucklew never discusses how courts should review method-of-execution claims. Instead, Bucklew simply explains what a plaintiff must prove to prevail.

⁴ Notably, Plaintiff did not cite to, and this Court could not independently find, any case that has held that Bucklew requires consideration of both prongs of the Baze-Glossip test when a plaintiff has failed to meet the requirements of one of the prongs.

8

because the district court also did not reach the issue. 73 F.4th at 1318 n.18. Instead, the court focused its analysis on whether the district court clearly erred in determining that the plaintiff failed to show that he faced a "substantial risk of serious harm" if executed by lethal injection. Id. at 1318–19. Ultimately, the court held that without a showing of a "substantial risk of serious harm," the plaintiff did not have a "substantial likelihood of success on the merits of his Eighth Amendment challenge." Id. at 1320. See also McGehee v. Hutchinson, 463 F. Supp. 3d 870, 914 (E.D. Ark. 2020) ("Because plaintiffs fail to meet their burden with respect to the first prong of [Baze-Glossip,] plaintiffs cannot prevail on their Eighth Amendment claim."); Glossip v. Chandler, No. CIV-14-0665-F, 2022 WL 136886, at *9 (W.D. Okla. Jan. 14, 2022) ("[T]he comparison of a 'known and available alternative' . . . is a live issue only if the prisoner has carried his burden of proof on [the] first prong.") (citation omitted). Given these cases and the plain language of the Baze-Glossip test, this Court finds that it did not err in only analyzing the first prong. Thus, Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

Although not necessary, the Court will nevertheless briefly address the second prong of the Baze-Glossip test. As stated previously, the second prong requires a plaintiff to show that that there is "an alternative that is feasible, readily

implemented, and in fact significantly reduce[s] a substantial risk of *severe* pain." Glossip, 576 U.S. at 877 (emphasis added). Notably, "a minor reduction in risk is insufficient; the difference must be clear and considerable." Bucklew, 587 U.S. at 143.

In this case, the Court assumes that a firing squad is a feasible and readily implemented alternative to lethal injection. Problematically for Plaintiff, however, he cannot show that a firing squad significantly reduces a substantial risk of severe pain. Indeed, because Plaintiff failed to show that Georgia's lethal injection protocol would cause severe pain under the first prong,[5] it is impossible for him to show the existence of an alternative method of execution that would significantly reduce the substantial risk of severe pain caused by the existing method. In re Ohio Execution Protocol Litig., 946 F.3d 287, 291 (6th Cir. 2019) (holding that the failure to satisfy the first prong "necessarily means" that the prisoner cannot demonstrate a likelihood of success on the second prong). In any event, even if the standard only required a reduction of pain in general—rather than a reduction of severe pain—Plaintiff has failed to satisfy this burden. In this case, Plaintiff presented evidence that an inmate shot by a firing squad would lose consciousness

---

[5] Plaintiff's failure to show a substantial risk of severe pain was discussed at length in this Court's previous order. See [Doc. 157, pp. 15–22].

and die in a matter of "three to four" seconds. [Doc. 147, pp. 58–59]. Importantly, the evidence also showed that lethal injection would quickly render a person "profoundly unconscious" where the inmates will not feel any pain. Id. at 216–17. The difference between loss of consciousness in "three to four" seconds and quickly rendering a person "profoundly unconscious" is marginal, if any difference exists at all. Because a plaintiff cannot prevail "merely by showing a slightly or marginally safer alternative," Plaintiff has failed to satisfy the second prong of the Baze-Glossip test. Baze, 553 U.S. at 51. Ultimately, based on the evidence presented, the Court cannot say that Plaintiff showed that a firing squad would significantly reduce a substantial risk of severe pain.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Alter or Amend Judgment [Doc. 159] is **DENIED**.

**SO ORDERED** this 25th day of April, 2025.

J. P. BOULEE
United States District Judge